### Jack Wilkerson v. The State.

No. 3271.    Decided December 20, 1905.

**1.—Murder—Death Penalty—Conduct of Jury.**

On a trial for murder, where the record showed that after the jury retired and agreed upon a verdict of murder in the first degree, and one juror hung on the question of the death penalty, and some of the jury expressed a desire to ask the court if one juror could hang the other eleven on that account. Held that the judge did not err in failing to answer such question.

**2.—Same—Conduct of Judge—Verdict.**

On trial for murder, where the record showed that the judge had left the county of the trial, and had written a letter to the sheriff that he would not return until the jury had agreed upon a verdict. and that the jury were advised of such letter, and the judge did not return until some hours after the jury had agreed, and there was nothing in the record to show that this conduct of the judge tended to bring about the verdict in the case adversely to defendant, there was no error.

Appeal from the District Court of Polk. Tried below before Hon. L. B. Hightower.

Appeal from a conviction of murder in the first degree; penalty, death.

According to the confession of the defendant he shot his wife several days previous to the arrest. He also said that she was leaving him to separate from him at the time he shot her, saying that she would

not live with him any more, etc. That when she was going down to her aunt he picked up his gun, followed her and a short distance from the house shot her. The body of the deceased was found in the woods near the scene of the tragedy and the defendant was sitting down in some thick woods, and when he was discovered ran, and being pursued by the officers was arrested; and upon being duly warned made the above confession.

*Cabe Bethea* and *James E. Hill, Jr.,* for appellant.—On question of misconduct of jury: North Dallas Circuit Court v. McCue, 35 S. W. Rep., 1080; Mapes v. State, 13 Texas Crim. App., 85; Jack v. State, 26 Texas, 1.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the murder of his wife, and his punishment fixed at death. After the jury had retired to consider of their verdict, they expressed a desire to ask a question of the court. The judge was at the depot preparing to leave town to meet a previously arranged appointment in the city of Houston. Believing, as he said, it was a ruse to keep him from leaving the county or going to Houston, he declined to go back to the court room. The evidence shows that after the jury retired, and after they had all agreed on a verdict of guilty of murder in the first degree, one of the jurors hung the jury on the punishment—eleven being for the death penalty, and one for life imprisonment. Some of the jury expressed a desire to ask the court if one juror could hang the other eleven on that account. The court did not err in failing to return. It was a question that the court would not have been permitted to answer. He could only answer such questions as pertain to the law of the case.

It is also contended in this connection, that it was error for the court to leave the county. After the court left the county he wrote a letter, in which he stated he would not return to the county until the jury had agreed upon a verdict; that if the jury did not agree on a verdict by the time he left Houston, he would leave the train near the little station of Cleveland, and go to his home, where he could be reached upon the agreement of the jury. However, the jury did agree, and the judge returned and received the verdict. Some one of the officers advised the jury that the court had written that he would not return until they had agreed upon a verdict. As a matter of fact he did not reach the town until some hours after the jury had agreed. It is contended that the fact that the court left the county and wrote the letter that he did, the contents of which was conveyed to the jury, that this was such error as required a reversal of the judgment. If there was any fact in the case, or it was made in any manner to appear, or if there was a doubt that this conduct of the court tended

to bring about a verdict in the case adversely to appellant, this matter might become one of serious import, but as we understand this record, it did not bring about, nor tend to bring about such result. The jury had agreed appellant was guilty of murder in the first degree, before the judge left the county, which, however, was unknown to him; and after some discussion among the jury, after the judge left the county, the juror who was disagreeing with the eleven as to the punishment to be fixed, gave way, and agreed with the other eleven, and assessed the punishment at death. There is not a fact or circumstance or intimation in the record that this affected that juror in changing from a life sentence to the death penalty. No juror intimates anything of the sort. On the contrary the evidence tends to exclude that idea. These are the questions presented for revision. We do not believe that the conduct of the court complained of, brought about any possible injury to appellant; and in our judgment, it excludes the idea that the juror who was hanging on the amount of the punishment, was influenced by the conduct of the court in any way. The judgment is affirmed.

*Affirmed.*